UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SIKES,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>  Defendant. | Case No. ED CV 14-0849-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when she failed to consider the opinion of a treating physician and when she discounted Plaintiff's testimony. For the following reasons, the Court affirms the ALJ's decision.

## II.  SUMMARY OF PROCEEDINGS

In May 2008, Plaintiff applied for SSI, alleging that he had been disabled since June 2007, due to severe back and leg pain and degenerative joint disease. (Administrative Record ("AR") 305-13,

330.)  His application was denied initially and on reconsideration and he requested and was granted a hearing before an ALJ.  In November 2009, he appeared with counsel and testified at the hearing.  (AR 86-125.)  In January 2010, the ALJ issued a decision denying benefits.  (AR 128-36.)  Plaintiff then sought review by the Appeals Counsel, which granted his request and remanded the case with instructions to obtain additional vocational evidence.  (AR 141-42.)

On remand, the same ALJ held a new hearing in February 2011 and issued a second decision, also concluding that Plaintiff was not disabled.  (AR 49-85, 143-50.)  Plaintiff appealed to the Appeals Council, which again granted review and remanded the case for supplemental vocational evidence.  (AR 154-56.)

On December 17 2012, a different ALJ held a hearing.  (AR 23-48.)  On March 18, 2013, she issued a decision denying benefits.  (AR 6-16.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-5.)  Thereafter, he filed the instant action.

## III.  ANALYSIS

A.   <u>The ALJ's Finding that Plaintiff was not Credible</u>

At the December 2012 administrative hearing, Plaintiff testified that he is in such pain that he could walk barely a block before having to stop and rest for 30 minutes and could shop for groceries only if an electric cart was available.  (AR 31-32, 35-36.)  He also testified that he had difficulty climbing up a three- or four-inch step at his house.  (AR 33.)  Plaintiff complained that his prescription medication affected his memory, coordination, and mood, making him angry at times.  (AR 33-34.)

The ALJ discounted this testimony because she found that these impairments had not caused him to stop working, he made inconsistent

statements about his illegal drug use, and his allegations of pain and limitation were inconsistent with the objective medical evidence. (AR 12.) Plaintiff argues that the ALJ erred in doing so. For the following reasons, the Court affirms the ALJ's credibility determination.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In doing so, they can rely on ordinary credibility techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where there is no evidence of malingering, however, ALJs can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The ALJ's first reason for rejecting Plaintiff's testimony--that Plaintiff had not stopped working as a result of his pain--is specific, clear, and convincing and is supported by substantial evidence in the record. Plaintiff testified at the November 2009 hearing that he quit his photocopier repair job in 2007 because he had a difference of opinion with the manager. (AR 89-92.) At the February 2011 hearing, he claimed that he was laid off from that job. (AR 54.) The inconsistent answers aside, the ALJ was entitled to rely on the fact that Plaintiff stopped working for reasons other than being disabled as a basis for questioning Plaintiff's testimony that his impairments precluded him from working. *See Hensley v. Colvin*, 600 Fed App'x 526, 527 (9th Cir. 2015) (upholding ALJ's finding that claimant's testimony that she could not work was undermined by the fact that she stopped working by choice, not because she was unable to continue); and *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001)

(affirming ALJ's adverse credibility finding based in part on fact that claimant left his job because he was laid off, not because he could no longer work).

The ALJ also questioned Plaintiff's testimony because she believed that he had made inconsistent statements about his drug use. Although inconsistencies in a claimant's testimony are a legitimate reason for discounting the testimony, this finding is not supported by substantial evidence in the record.

At the November 2009 hearing, the ALJ asked Plaintiff, "any drugs or alcohol in the last several years?" The transcript does not record any response from Plaintiff, but the ALJ evidently accepted his answer was no. (AR 92.) Later in the hearing, Plaintiff testified again that he did not do drugs, but acknowledged that he had used drugs in the past, which was why he had been in prison. (AR 114.) He said that he had used methamphetamine "pretty regularly back then," but had not done so since being released in 2007. (AR 114-15.)

At the February 2011 hearing, the same ALJ asked Plaintiff, "*use any drugs or alcohol?*", to which Plaintiff replied no. (AR 55.) At the December 2012 hearing, the new ALJ did not ask Plaintiff whether he had ever used drugs.

Based on this record, the Court is unable to conclude that Plaintiff's answers concerning his drug use were inconsistent or untrue. To the contrary, Plaintiff consistently responded that he had used drugs in the past, but had not used them since 2007. Thus, this reason for questioning Plaintiff's testimony is rejected.

Finally, the ALJ found that Plaintiff's allegations were not supported by the medical records, pointing out that the results of a consultative examination performed in January 2013 undermined his

claims of severe limitations.  (AR 12.)   This is a valid reason for questioning a claimant's testimony, *see*, *e.g.*, *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (upholding ALJ's credibility determination in part because medical evaluations revealed little evidence of disabling abnormality alleged by claimant), and it is supported by substantial evidence.

On January 21, 2013, consulting orthopedic surgeon Vicente Bernabe reviewed medical records and examined Plaintiff.  (AR 535-39, 541.)  Dr. Bernabe noted that Plaintiff did not appear to be in any distress and "moved freely in and out of the office and around the examination room" with the help of a cane, although Dr. Bernabe determined that the cane was not medically necessary.  (AR 535-37.) Although he noted some tenderness in Plaintiff's lumbar spine and observed that X-rays showed mild to moderate narrowing of the L5-S1 disc space, Dr. Bernabe's examination results were otherwise unremarkable.  (AR 537-38.)

The ALJ was entitled to contrast the orthopedic surgeon's findings that Plaintiff appeared to move without pain and his impairments were relatively minor with Plaintiff's testimony one month earlier that he could not walk more than a block or climb a four-inch step and use the discrepancy as a basis for finding him less than credible.

In the end, the Court accepts two of the reasons offered by the ALJ for questioning Plaintiff's testimony and rejects one.  The Court further finds that the ALJ's error regarding Plaintiff's statements about his drug use does not undermine her overall credibility determination and, therefore, it is affirmed.  *See Carmickle v. Comm'r*, *Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding

error by ALJ in credibility determination is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions . . . and the error does not negate the validity of the ALJ's" determination.").

B.     The Treating Opinion

Plaintiff contends that the ALJ erred by rejecting the opinion of his primary treating physician David Lanum.  For the following reasons, the Court finds that the ALJ did not err.

It is the province of the ALJ to resolve conflicts in the medical evidence.  *Andrews*, 53 F.3d at 1039.  Generally speaking, three types of doctors supply that evidence: treating doctors, examining doctors, and reviewing doctors.  All other things being equal, treating doctors' opinions are entitled to the greatest weight because they are hired to cure and have more opportunity to know and observe the patient.  *Id.* at 1041; *see also* 20 C.F.R. 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations").  Examining doctors are next on the list, followed by reviewing doctors.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  ALJs, however, are not required to merely accept the opinion of any doctor and, where the opinion is contradicted, may reject it for specific and legitimate reasons that are supported by substantial evidence in the record.  *Id.* at 830.

In a July 2, 2010 report, Dr. Lanum assessed Plaintiff with chronic low back pain that required ongoing medication for pain

management, a history of chest pain, and chronic active hepatitis C. He concluded that Plaintiff "should be considered disabled at this time." (AR 522.) The ALJ rejected this opinion, relying instead on the January 2013 opinion of examining surgeon Bernabe and the opinions of the state agency reviewing doctors, all of whom found that Plaintiff could perform at least light work. (AR 13-14, 449-53, 469-70, 539.) The ALJ cited three reasons for rejecting Dr. Lanum's opinion: (1) it was not supported by objective clinical findings; (2) it was a blanket conclusion; and (3) Dr. Lanum appeared simply to be adopting Plaintiff's subjective complaints. (AR 13.) These are specific and legitimate reasons for rejecting Dr. Lanum's July 2010 opinion. *See, e.g., Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding ALJ may discount treating opinion that is conclusory, brief, and unsupported by record as a whole); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding ALJ may rejecting treating opinion that is based on claimant's self reports that have properly been discounted). And they are supported by substantial evidence in the record.

 Dr. Lanum's July 2010 conclusion that Plaintiff was disabled is not supported by his treatment notes, which reflect that Plaintiff's symptoms were generally unremarkable and controlled by his medications. Dr. Lanum first treated Plaintiff in June 2008, at which time he noted Plaintiff's complaints of chronic back pain and diagnosed him with "mid effused degenerative disc disease," with some bilateral neural foraminal stenosis. (AR 391-92.) At a follow-up in July 2008, Dr. Lanum again noted Plaintiff's complaints of back pain, which he found to be consistent with an MRI of the lumbar spine that showed stenosis. (AR 468.) In October 2008, after Plaintiff

7

complained that Norco alone was not controlling his back pain, Dr. Lanum prescribed Piroxicam. (AR 516.) In March 2009, Plaintiff reported that the Piroxicam had helped but complained that his hepatitis C medication was causing flu-type symptoms and fatigue and he had developed a rash. (AR 500.) In May 2009, Plaintiff reported that his current medications were "doing well for his pain control," though the fatigue and flu symptoms were persisting. (AR 490.) In July 2009, Plaintiff reported a brief episode of chest pain, but denied any other acute symptoms. (AR 485.) Plaintiff had follow-up visits in December 2009 and February 2010, at which time he complained of continued back pain, but Dr. Lanum merely refilled his prescriptions, noting that there was "no real trauma." (AR 525.) In March 2010, Dr. Lanum reviewed X-rays of Plaintiff's thoracic spine and hips, which were "essentially unremarkable." (AR 524.) These treatment notes taken as a whole do not support his July 2010 conclusion that Plaintiff was disabled.

Furthermore, at no time did Dr. Lanum indicate what, if any, functional limitations Plaintiff might have as a result of his back pain and hepatitis C. None of his treatment notes remotely suggested that Plaintiff was in such pain that he was not able to walk a block or more, or climb up steps, as Plaintiff alleged in 2012.

The ALJ was not required to accept Dr. Lanum's conclusion that Plaintiff was disabled. *See Batson*, 359 F.3d at 1195 (holding treating physician's determination of disability is not binding on an ALJ). This is particularly true where, as here, Dr. Lanum's opinion appeared to be based in large measure on Plaintiff's subjective complaints--which the ALJ rejected--and it was contradicted by Dr. Bernabe's examination findings. Because the ALJ provided specific and

legitimate reasons for rejecting Dr. Lanum's controverted opinion, the Court affirms her decision.

## IV. CONCLUSION

For these reasons, the ALJ's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: August 21, 2015.

/s/ Patrick J. Walsh
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\SIKES, 849\Memo Opinion and Order.wpd

9